**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-30802 |
| JL TEXAS PALLETS & LOGISTICS LLC | § | |
| | § | |
| Debtor | § | CHAPTER 11 |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES IN THE ORDINARY COURSE OF BUSINESS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, JL Texas Pallets & Logistics LLC (the "Debtor"), and hereby moves this Court for entry of an order pursuant to 11 U.S.C. §§105(a), 363 and 507(a)(4)-(5) (the "Bankruptcy Code") authorizing payment of prepetition wages (the "Motion") in the ordinary course of business, and respectfully represent as follows:

1

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

2. On February 28, 2024 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code").

3. The Debtor continues to manage and operate its pallet manufacturing business as Debtor-In-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

4. The Debtor employs employees to perform the daily functions of the business. Debtor pays wages and withholds taxes for its W-2 employees.

5. Debtor JL Texas Pallets & Logistics LLC owes pre-petition wages to its employees. Debtor pays wages each Friday for the pay period ending the preceding Wednesday. Therefore, the Debtor will need to pay its employees on Friday, March 1, 2024 for the period ending Wednesday, February 28, 2024.

6. Debtor JL Texas Pallets & Logistics LLC has twelve (12) employees owed pre-petition wages. The total amount of prepetition wages, including withholdings, that needs to be paid for the for the pay period of Thursday, February 22, 2024 through Wednesday, February 28, 2024 pay period is $9,067.05 gross. *See attached Exhibit A*.

7. If the employees remain unpaid and are required (individually) to file claims, they will suffer great hardship and will likely terminate their relationship with the Debtor, causing unnecessary harm to the Debtor.

8. All wages being paid are within the priority wage cap under 11 U.S.C. §507(a)(4).

## III. RELIEF SOUGHT

9. The Debtor seeks an order of the Court authorizing payment in the ordinary course of business of certain pre-petition compensation owed to its employees.

10. The Debtor incurs payment obligations to its employees for the performance of their services in the ordinary course of business.

11. The Debtor requests authority to pay accrued compensation for services performed by the employees as of the Petition Date. As of the Petition Date, accrued and unpaid compensation totals to approximately $9,067.05

12. All of the employees that Debtor proposes to pay will have a priority claim for unpaid services rendered under §507(a)(4)(B) of the Bankruptcy Code. The Debtor has, or will have, sufficient funds on deposit to satisfy all the pre-petition Employee Obligations so that the banks will not be prejudiced by any order directing them to honor the Debtor's checks for fund transfer requests with respect to such amounts.

## IV. LEGAL AUTHORITIES IN SUPPORT OF THE RELIEF SOUGHT

13. Sections 507(a)(4) and (5) of the Bankruptcy Code provide priority status for prepetition claims for wages, salaries, commissions, severance pay, vacation pay, sick leave pay, and contributions to employee benefit plans in an amount not to exceed $15,150.00 per employee. For a plan of reorganization to be confirmed, Section 1129 requires payment of priority claims under 11 U.S.C. §507(a)(4) and (5). Because the Employee Claims would be entitled to priority status under 11 U.S.C. §507(a)(4) and (5) and because such Employee Claims must be paid to confirm a plan of reorganization, Debtor's payment of such claims as requested herein should neither prejudice general unsecured creditors nor materially affect the Debtor's estate.

14. Section 105(a) of the Bankruptcy Code provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105(a).

15. Section 363(c) of the Bankruptcy Code provides:

If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing. 11 U.S.C. § 363(c).

16. Additionally, the "necessity of payment" doctrine recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential the continued operation of the debtor. *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989). This doctrine is consistent with the paramount goal of chapter 11 of "facilitating the continued operation and rehabilitation of the debtor." *Id*. at 176.

17. In the instant case, the continued operation of the Debtor's business and its successful reorganization depends upon retention of the services of its employees. It is critical that the Debtor be authorized to continue regular payment of its employees. If the employees are not timely paid, the Debtor's employees will suffer extreme personal hardship and will likely terminate their relationship with the Debtor. This would force the Debtor to seek new employees to perform its operations and services.

18. Further, the authority to pay Pre-petition wages in accordance with the Debtor's pre-petition business practices is in the best interest of the Debtor, the Debtor's estate, and creditors, and will enable the Debtor to continue to operate its business in an economic, efficient manner without disruption. Because Debtor's employees are central to Debtor's operations and

4

vital to its reorganization, the loss of personnel at this critical time would have a serious impact on the value of the Debtor's business and its ability to reorganize under Chapter 11.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests entry of an order granting relief requested herein, and such other and further relief as is just and proper.

> Respectfully submitted,
>
> THE LANE LAW FIRM, PLLC
> */s/Robert C. Lane*
> Robert C. Lane
> State Bar No. 24046263
> notifications@lanelaw.com
> Joshua D. Gordon
> State Bar No 24091592
> Joshua.gordon@lanelaw.com
> A. Zachary Casas
> State Bar No. 24097469
> Zach.casas@lanelaw.com
> 6200 Savoy, Suite 1150
> Houston, Texas 77036
> (713) 595-8200 Voice
> (713) 595-8201 Facsimile
> PROPOSED COUNSEL FOR DEBTOR

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Debtor's Emergency Motion for Entry of an Order Authorizing Payment of Pre-Petition Wages was served upon the US Trustee and to the parties listed on the service list below and the attached mailing matrix either via electronic notice by the court's ECF noticing system or by United States first class mail, postage prepaid, on February 28, 2024:

Debtor:
JL Texas Pallets & Logistics LLC
PO BOX 680688
Houston, Texas 77268-0688

US Trustee:
Office of The United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

Notice will be electronically mailed to:

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV


*/s/Robert C. Lane*
Robert C. Lane

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0541-4<br>Case 24-30802<br>Southern District of Texas<br>Houston<br>Wed Feb 28 11:17:54 CST 2024 | JL Texas Pallets & Logistics LLC<br>1717 W 34th Street Suite 600-505<br>Houston, TX 77018-6256 | 4<br>United States Bankruptcy Court<br>PO Box 61010<br>Houston, TX 77208-1010 |
| 48Forty Solutions<br>11740 Katy Freeway Suite 1200<br>Houston, TX 77079-1272 | AWN&R Commercial Law Group, PLLC<br>Attn: Jeffrey Parrella, Esq.<br>14 Wall Street 20th Floor<br>New York, NY 10005-2123 | All Star Forest Productions, Inc.<br>PO Box 7538<br>Jackson, MS 39284-7538 |
| Ally Bank<br>PO Box 380902<br>Minneapolis, MN 55438-0902 | Ally Bank<br>c/o AIS Portfolio Services LLC<br>4515 N Santa Fe Ave Dept APS<br>Oklahoma City, OK 73118-7901 | Alpine Lumber<br>13913 Greenland Drive<br>Stafford, TX 77477-5024 |
| (p)ASCENTIUM CAPITAL<br>Attn: Dominic Diloreto<br>239070 US 59 North<br>Kingwood, TX 77339 | Ascentium Capital<br>aka Regions Bank<br>23970 US-59<br>Kingwood, TX 77339 | Barber Law Firm<br>425 West Capital Avenue Suite 3400<br>Little Rock, AR 72201-3483 |
| Birmingham International Forest Products<br>300 Riverhills Business Park Suite 320<br>Birmingham, AL 35242-5037 | BlueVine Capital Inc.<br>401 Warren St 300<br>Redwood City, CA 94063-1536 | Brennan Investment Group<br>10275 W. Higgins Road Suite 810<br>Des Plaines, IL 60018-5601 |
| Business Capital LLC<br>5201 Ravenswood Rd Suite 103<br>Fort Lauderdale, FL 33312-6004 | Business Capital LLC<br>88 Pine Street, 26th Floor<br>New York, NY 10005-1860 | CIT Bank Direct Capital<br>155 Commerce Way<br>Portsmouth, NH 03801-3243 |
| CP-632 Northew LLC<br>Po Box 800239<br>Dallas, TX 75380-0239 | Celtic Bank Corporation<br>268 South State Street 300<br>Salt Lake City, UT 84111-5314 | (p)CLICKLEASE LLC<br>1182 W 2400 S<br>WEST VALLEY CITY UT 84119-8510 |
| Derek A. Henderson, Attorney at Law<br>1765-A Lelia Drive Suite 103<br>Jackson, MS 39216-4820 | East Montgomery County Economic Development<br>21575 US Hwy 59 N 200<br>Splendora, TX 77372 | FPIP TX1, L.P.<br>8381 Westview Drive Suite 200<br>Houston, TX 77055-6737 |
| First Citizens Bank & Trust<br>155 Commerce Way<br>Portsmouth, NH 03801-3243 | First Citizens Bank & Trust Co<br>PO Box 856502<br>Minneapolis, MN 55485-6502 | Industrial Capital Group, LLC<br>214 Elm St. 103<br>Washington, MO 63090-2340 |
| JL Texas Pallets & Logistics LLC<br>6838 Bourgeois Road<br>Houston, TX 77066-3107 | Jerry S. Marshall<br>22715 Cosburn Lane<br>Tomball, TX 77375-1178 | Legacy Wood Products, LLC<br>1050 Girdley Street<br>West Plains, MO 65775-5247 |

| | | |
|---|---|---|
| Lina Marshall<br>22715 Cosburn Lane<br>Tomball, TX 77375-1178 | Lodge Lumber Company<br>5001 Oates Road<br>Houston, TX 77013-2817 | Millstone Funding, Inc.<br>PO Box 43575<br>Cincinnati, OH 45243-0575 |
| OnDeck Capital<br>4700 W. Daybreak Pwy Suite 200<br>South Jordan, UT 84009-5133 | PNC Equipment Finance Lease<br>655 Business Center Drive<br>Horsham, PA 19044-3409 | Sapphire Lumber Company<br>548 Tammany Lane<br>Hamilton, MT 59840-9235 |
| Southern Carlson<br>7425 Pinemont Drive Suite 300<br>Houston, TX 77040-6437 | T J Forest Inc<br>104 3rd Street S<br>Nampa, ID 83651-3715 | Targeted Lease Capital<br>5500 Main Street Suite 300<br>Buffalo, NY 14221-6753 |
| The Lane Law Firm<br>6200 Savoy Dr Ste 1150<br>Houston, TX 77036-3369 | Toyota Financial Services<br>Attn Bankruptcy Dept<br>PO Box 8026<br>Cedar Rapids, IA 52408-8026 | UFP Western Division<br>2801 East Beltline NE<br>Grand Rapids, MI 49525-9680 |
| US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002-2604 | W.W. Grainger Inc<br>401 South Wright Rd W4W.R47<br>Janesville, WI 53546-8729 | Zwicker & Associates, PC<br>851 S Rampart Blvd Ste 150<br>Las Vegas, NV 89145-4884 |
| Robert C Lane<br>The Lane Law Firm<br>6200 Savoy Dr Ste 1150<br>Houston, TX 77036-3369 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Ascentium Capital<br>23970 Highway 59 North<br>Kingwood, TX 77339 | Clicklease LLC<br>1182W W 2400 S<br>West Valley City, UT 84119 | End of Label Matrix<br>Mailable recipients   45<br>Bypassed recipients    0<br>Total                  45 |